OPINION
Defendant-appellant, Michael Lagow, appeals a determination of the Butler County Court of Common Pleas that he is a sexual predator as defined in R.C. 2950.09(B). We affirm the trial court's decision.
Appellant was indicted on November 1, 2000 for three counts of burglary, one count of attempted burglary, and one count of gross sexual imposition. On May 23, 2001, as part of a plea agreement, appellant pled guilty to two counts of burglary and one count of gross sexual imposition. Pursuant to R.C. 2950.09(B), the trial court held a hearing to determine if appellant should be classified as a sexual predator. After considering the evidence, the trial court made a finding that appellant was a sexual predator.
In this appeal of the trial court's determination that he is a sexual predator, appellant raises the following single assignment of error:
 THE COMMON PLEAS COURT ERRED IN CLASSIFYING DEFENDANT AS A SEXUAL PREDATOR PURSUANT TO OHIO REVISED CODE 2950.09(B) AS A MATTER OF LAW.
A sexual predator is statutorily defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). As stated above, appellant pled guilty to gross sexual imposition, a sexually oriented offense. Thus, the issue for the trial court to determine was whether appellant was likely to commit another sexually oriented offense in the future.
R.C. 2950.09(B)(2)(a) through (j) lists the factors a trial court must consider in determining whether a person is a sexual predator. The statute does not require that each factor be met in order for the trial court to find that a defendant is a sexual predator. A trial court must find that a defendant is a sexual predator by clear and convincing evidence. R.C. 2950.09(B)(3). Clear and convincing evidence is evidence that "will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus.
When making a determination as to whether a defendant is a sexual predator, the trial court shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
Appellant contends that the trial court erred by considering factors that are not enumerated in R.C. 2950(B)(2). In particular, appellant argues that in considering his prior criminal history, the trial court considered an "Order Withholding Adjudication of Guilt and Placing Defendant on Community Control" as a conviction for a similar offense.
The charges in the instant case involved appellant breaking into several homes on various occasions. On one occasion, appellant entered the room of a sleeping teenage girl. When the girl awoke, appellant told her that her mother had sent him to play a trick. Appellant ran out of the house when the girl began screaming. The sexual oriented offense appellant is charged with in the instant case involves appellant breaking into a home and fondling the vaginal area of an eight-year-old child in her bed.
As part of the record in this case, several documents were submitted to show that in 1983 appellant was charged with a similar sexual offense in Florida. The Florida police report states that appellant entered the bedroom of a female juvenile through her window at two in the morning, fondled her breasts and made sexual advances. The report says that about a week later appellant again attempted to enter the same bedroom, but fled from the room when the girl ran to alert her parents. The Florida report also states that appellant entered through a window into the bedroom of another girl, but fled when the girl's father caught him in the bedroom.
The record is unclear as to the outcome of the charges that resulted from the Florida police report. One document indicates that appellant pled nolo contendere to the charges and was placed on community control. Dr. Bobbie Hopes, a forensic psychologist who examined appellant, testified at the hearing that some of the reports from the Florida court say that appellant was required to participate in counseling after his plea. According to Dr. Hopes, however, appellant could not remember ever being in counseling. Appellant's counsel even indicated at the hearing that the reports are conflicting as to what the ultimate result was.
However, regardless of whether appellant was actually convicted, the record of the hearing does not support appellant's assertions that the trial court considered the information as a prior conviction. Instead, the court commented that appellant had a history of similar conduct going back to 1983, not that he had a prior conviction.
A trial court must consider all relevant factors and is not limited to those delineated in R.C. 2950.09(B)(2). The statute provides that a court may consider "[a]ny additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2)(j). The trial court may consider reliable information regarding other victims, even if the defendant was not charged or convicted for those acts of abuse.State v. Burgess (July 10, 2000), Fayette App. No. CA99-08-021, unreported; State v. Reed (May 16, 2001), Jefferson App. No. 00 JE 22, unreported. The fact that appellant had been charged with strikingly similar conduct in the past was relevant to the trial court's determination. The trial court did not err by considering evidence that appellant had been charged with similar crimes in the past.
Appellant also argues that both Dr. Roger Fisher, a forensic psychologist who testified on appellant's behalf, and Dr. Hopes stated that the testing indicated there is not a substantial probability of future misconduct by appellant. Appellant also argues that Dr. Hopes indicated that the test she relied on was not completed in its entirety because she failed to use a plethysmography device[1] on appellant. In addition, appellant argues that both psychologists testified that appellant was amenable to sex abuse counseling.
However, appellant mischaracterizes Dr. Hopes' testimony. Dr. Hopes stated that the testing indicated the risk level on one test indicated appellant had a forty-eight percent of re-offending in the next ten years, and that a second test indicated a fifty-nine percent chance of re-offending in the next ten years. Dr. Hopes stated that these tests may underestimate the likelihood of recidivism. Based on the testing and her interview of appellant, Dr. Hopes determined that appellant had a high likelihood of committing sexually oriented offenses in the future.
Dr. Hopes stated that she did not have enough information to determine appellant's amenability to treatment and that he would make a poor candidate for treatment because of poor impulse control and because he denied his actions and lied considerably during the interview. Dr. Hopes also explained her decision not to use a plethysmography device on appellant. She indicated that the device only contributes one point to the test scale and, in appellant's case, one point either way would not have any effect on the results.
A review of the record indicates that the trial court did not rely on evidence outside the scope of R.C. 2950.09 in its consideration of whether appellant was a sexual predator. Instead, the court considered the fact that appellant had a history of conduct going back several years, that he had a history of substance abuse, and that there were multiple offenses in the present charges. The trial court also considered the fact that appellant had no remorse and had not acknowledged responsibility for his actions. The court also considered that appellant caused serious harm to the victim and the victim's family. Finally, the court considered the fact that the current offense was committed while appellant was under probation in Hamilton County. The trial court did not err in finding that appellant is a sexual predator based on these factors.
Judgment affirmed.
VALEN and WALSH, JJ., concur.
[1] A plethysmography device is a device hooked up to a subject's penis to gauge penile functions during psychological interviews.